NOT FOR PUBLICATION                                                           (Doc. No. 13)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| EDWARD S. PATTERSON,<br><br>      Plaintiff,<br><br>      v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>      Defendant. | Civil No. 08-2725 (RBK)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

      This matter comes before the Court upon the unopposed application by Edward S. Patterson ("Plaintiff"), pursuant to 28 U.S.C. § 2412, for attorneys' fees and costs in conjunction with his successful appeal of the decision of the Defendant Commissioner of Social Security (the "Commissioner") denying Plaintiff disability insurance benefits ("DBI") and supplemental security income ("SSI") pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

      On August 19, 2011, this Court entered an Order vacating the Commissioner's decision and remanding the case to the Commissioner. Doc. No. 12. Plaintiff therefore became the "prevailing party" in the Social Security appeal, for purposes of 28 U.S.C. § 2412. See Shalala v. Schaefer, 509 U.S. 292, 300 (1993) ("No holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)."). Plaintiff is accordingly awarded attorneys' fees and costs in connection with that appeal.

1

The amount of attorney fees to be awarded must be reasonable. 28 U.S.C. § 2412(d)(2)(A). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

Plaintiff has the burden of proving that the requested hours are reasonable. Id. at 437. Plaintiff represents that the attorneys' fees for filing the underlying Social Security appeal amount to $5,740.87, based on 31.50 hours of work at a rate of $182.25 per hour. Wolf Certification, ¶ 3. The Court finds that 31.50 hours of work is reasonable for this Social Security appeal.[1] Moreover, as to the hourly rate for attorney compensation, Plaintiff's attorney avers that "[t]he hourly rate for the EAJA attorney fee was computed based on the use of the all items component of the CPI-U Index as of August, 2011."[2] Wolf Certification, ¶ 3. Plaintiff also requests costs in the amount of $350.00 (the cost of filing the underlying appeal).

The costs and attorneys' fees are to be paid directly to the client and can be offset by any liens owed to the Government by the client. Astrue v. Ratliff, 130 S.Ct. 2521, 177 L. Ed. 2d 91 (2010), rev'g Ratliff v. Astrue, 540 F.3d 800 (8th Cir. 2008).

In light of the above, the Court finds that $5,740.87 is not an unreasonable amount for attorneys' fees in this matter. The Court therefore grants Plaintiff's application for costs and attorneys' fees in the amount of $6,090.87. An appropriate order shall enter today.

Dated:  8/6/2012                                                                                /s/ Robert B. Kugler
                                                                                                   ROBERT B. KUGLER
                                                                                                   United States District Judge

---

[1] The Sixth Circuit has approvingly noted that "[a]n interesting in-house survey performed by Chief Judge Carl Rubin of the Southern District of Ohio and encompassing seven years of data found the average number hours asserted in a fee petition is 37.3 hours." Rodriquez v. Bowen, 865 F.2d 739, 747 n.4 (6th Cir. 1989).

[2] The Court notes that, in 1996, 28 U.S.C. § 2412 was amended to provide for attorneys' fees of $125 per hour. 28 U.S.C. § 2412(d)(2)(A). In DeWalt v. Sullivan, 963 F.2d 27, 29-30 (3rd Cir. 1992), the Court of Appeals ruled that the Consumer Price Index (CPI) for urban households should be utilized to adjust for inflation.